UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WINDFALL PROPERTIES,**

        **Plaintiff,**

-vs-                                            Case No. 6:09-cv-1033-Orl-19GJK

**ANNTAYLOR RETAIL, INC.,**

        **Defendant.**

_____

# ORDER

This case comes before the Court on the following:

1. Motion to Remand and Incorporated Memorandum of Law by Plaintiff Windfall Properties (Doc. No. 9, filed July 8, 2009); and

2. Response to Plaintiff's Motion to Remand and Incorporated Memorandum of Law by Defendant AnnTaylor Retail, Inc. (Doc. No. 16, filed July 20, 2009).

## Background

This case arises from a lease dispute between the landlord, Plaintiff Windfall Properties ("Windfall"), and the tenant, Defendant AnnTaylor Retail, Inc. ("AnnTaylor"). (Doc. No. 2 ¶¶ 3, 4, 8, filed June 17, 2009.) Defendant AnnTaylor allegedly breached the lease by failing to restore the premises to its original condition upon expiration of the lease. (*Id.* ¶¶ 26-27.) Windfall seeks to recover the cost of restoring the premises to its original condition plus fifteen percent overhead, lost rental income, prejudgment interest, attorneys' fees, and costs. (*Id.* at 8-9.)

Plaintiff Windfall initially filed suit against Defendant AnnTaylor seeking "damages in excess of $15,000.00, exclusive of interest, costs, and attorneys' fees" in the Circuit Court of the

Ninth Judicial Circuit for Orange County, Florida. (*Id.* ¶ 1.) Defendant AnnTaylor timely removed to this Court on the grounds of diversity jurisdiction. (Doc. 1, filed June 17, 2009.) Plaintiff Windfall now moves to remand this case to state court, claiming that Defendant AnnTaylor fails to show an amount in controversy exceeding $75,000. (Doc. 9 at 3.) In response, Defendant AnnTaylor argues that Windfall's claim for lost rental income through May 11, 2009, by itself, establishes an amount in controversy exceeding $75,000. (Doc. 10 at 2.)

**Standard of Review**

A defendant may remove a case to federal court pursuant to 28 U.S.C. § 1446. Once the case is removed, the plaintiff may move to remand the case to state court for lack of subject matter jurisdiction at any time. 28 U.S.C. § 1447(c). The plaintiff may also move to remand by challenging "the propriety of the removal itself, whether that challenge be on the basis of a procedural defect or a lack of subject matter jurisdiction" within thirty days of removal. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 n.64 (11th Cir. 2007), *cert. denied*, 128 S.Ct. 2877 (2008). (construing § 1447(c)). In either case, the defendant must prove the jurisdictional requirements for removal by a preponderance of the evidence. *Leonard v. Enter. Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002). Conclusory allegations that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such assertion, are insufficient. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001). All uncertainties concerning removal jurisdiction are resolved in favor of remand. *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

When considering a timely motion to remand for improper removal, the court must look only to the evidence in the record when the motion to remand was filed.[1]

> In assessing whether removal was proper . . . , the district court has before it only the limited universe of evidence available when the motion to remand is filed - i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings. . . . The absence of factual allegations pertinent to the existence of jurisdiction is dispositive.

*Lowery*, 483 F.3d at 1213-15.[2] However, there are a few exceptions to the rule that the district court must only consider the removing documents. For example, the defendant may introduce a paper showing sufficient grounds for removal that it received after filing an insufficient notice of removal but before remand is ordered. *Lowery*, 483 F.3d at 1214 n.66. In addition, a defendant may establish the amount in controversy by introducing a contract specifying the amount owed. *Id.* The district court also has the discretion to hold a hearing on the sufficiency of the removing documents. *Id.* In summary, "the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (quoting *Allen v. R&H Oil Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

---

[1] In contrast, if subject matter jurisdiction is challenged after the thirty-day period for challenging removal has lapsed, "the court may look to any relevant information the parties may present, up until the time of the challenge to jurisdiction." *Lowery*, 483 F.3d at 1213 n.64. This is because in such situation, "the court is no longer considering the propriety of the removal, but instead, whether subject matter jurisdiction exists at all." *Id.* (citations omitted) (emphasis in original).

[2] This holding was expressly limited to diversity cases. *Lowery*, 483 F.3d at 1215 n.71.

**Analysis**

Defendant AnnTaylor must prove by a preponderance of the evidence the two requirements for diversity jurisdiction: complete diversity of citizenship and an amount in controversy greater than $75,000. 28 U.S.C. § 1332; *Leonard*, 279 F.3d at 972. The parties do not dispute that there is complete diversity of citizenship. Therefore, the only jurisdictional issue is whether the amount in controversy requirement is satisfied.

Because Plaintiff Windfall filed its Motion for Remand within thirty days of the Notice of Removal, the Court must determine if the amount in controversy is satisfied by considering only the evidence in the record when the Motion to Remand was filed. *Lowery*, 483 F.3d at 1213 & n.64. The only relevant documents in the record at that time were the Notice of Removal, the Complaint, and their exhibits. (Doc. Nos. 1, 2.) The lease is attached to and cited throughout the Complaint. (Doc. No. 2 ¶¶ 8-20, 26, 28-30.) In particular, Plaintiff Windfall alleges that as a result of AnnTaylor's breach of the lease, "Plaintiff has been unable to re-let [the premises] to prospective tenants resulting in additional damage to Plaintiff in the form of losses in rental income." (*Id.* ¶ 30.) The words "has been" indicate that Plaintiff Windfall had not relet the premises as of the date of the Complaint, May 11, 2009. (*Id.* at 9.) Because the lease expired on January 31, 2009, Plaintiff claims lost rent for at least the months of February, March, April, and May. (*Id.* at 9; *see also id.* ¶ 13 (creating a month-to-month tenancy at will if Defendant failed to surrender the premises in good condition).) Pursuant to the second amendment to the lease, the annual rent was $298,658.58, which equates to a monthly rent of $24,888.22. (Doc. 2, ex. E at 1.) Four months of rent were due between January 31, 2009 and May 11, 2009, and such amount exceeds $75,000. (*See* ex. A at 4 (requiring the annual rent to be paid in equal monthly installments on the first day of each month).)

Notwithstanding Plaintiff's other claims for damages, Plaintiff's claim for lost rent alone satisfies the amount in controversy required for diversity jurisdiction. Thus, Plaintiff's Motion to Remand must be denied.

## Conclusion

The Motion by Plaintiff Windfall Properties to Remand (Doc. No. 9) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on September 8, 2009.

*[signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record